**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1739**

RACHELLE DAVIS,

Plaintiff - Appellant,

v.

AMERICAN AIRLINES, INC.; MARK MOSCICKI; TERRY DIX; MICHELLE MAGEE,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:19-cv-00044-MOC-DSC)

Submitted: November 26, 2019                    Decided: January 31, 2020

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Rachelle Davis, Appellant Pro Se. Daniel E. Farrington, FISHER & PHILLIPS, LLP, Bethesda, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rachelle Davis appeals from the district court's order dismissing her Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (2012) (ADA), claim for, *inter alia,* failure to timely exhaust administrative remedies. On appeal, Davis contends that she timely filed her EEOC charge. We affirm.

A claimant must generally file an administrative charge with the EEOC within 180 days after the allegedly discriminatory act occurs. 42 U.S.C. §§ 2000e-5(e)(1), 12117(a) (2012); *see Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012) (explaining that "ADA incorporates [Title VII's] enforcement procedures"). Davis filed her charge on March 26, 2018. The charge itself refers only to the decision in September 2015 to refer Davis to a psychologist.

Thus, Davis's charge describes no discrete instances of discrimination or retaliation occurring after September 2015. In her complaint, Davis states that, in June 2017, her employer, American Airlines ("AA"), informed her that only the independent medical examiner ("IME") could release her to work, which was allegedly not company policy. While there was communication back and forth after that in an attempt to see whether the IME could release Davis absent an examination, there was no change in the AA's requirement that the IME personally release Davis. Because Davis's EEOC charge was filed well over 180 days after the June 2017 letter, her charge was untimely filed. *See Price v. Litton Bus. Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982) ("[T]he filing period runs from the time at which the employee is informed of the allegedly discriminatory employment decision[.]").

2

For the first time on appeal,[*] Davis asserts that the AA's follow-up letter of August 14, 2018, renders her charge timely filed. However, this letter was written and received *after* Davis filed her EEOC charge. While any claims arising from that letter would likely be related to the claims in the EEOC charge, the underlying claims were untimely filed, and the new claim cannot be "attached" to an untimely claim and somehow rendered properly exhausted. *See Franceschi v. U.S. Dep't of Veterans Affairs*, 514 F.3d 81, 86-87 (1st Cir. 2008) (noting that retaliation claim, post-dating EEOC charge, is not properly before the court where administrative remedies have not been exhausted regarding any other claim); *Barrow v. New Orleans Steamship Ass'n*, 932 F.2d 473, 479 (5th Cir. 1991) (holding that, where age-discrimination claims had been dismissed as untimely and therefore "were not 'properly' before the district court," bootstrapped retaliation claim likewise had to be dismissed, as it had "no charge on which to attach itself"). As Davis does not point to any discriminatory actions by AA occurring within the 180 days prior to the filing of her EEOC charge, the district court correctly dismissed Davis's ADA claims as time-barred. *See McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994) (explaining that claim is time-barred in federal court if employee does not file timely charge with EEOC).

---

[*] This claim is untimely raised for the first time on appeal. We review the merits in an abundance of caution, while considering the liberal construction owed to the pro se Appellant's filings.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*